UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FRED BAKER, )<br>      Plaintiff, )<br>)<br>   v. )<br>)<br>TA OPERATING LLC d/b/a )<br>TravelCenters of America, )<br>      Defendant. ) | CAUSE NO.: 2:20-CV-66-JTM-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Fred Baker filed a Complaint (ECF No. 1) and Civil Cover Sheet (ECF No. 1-1) asserting this Court's subject matter jurisdiction based on diversity of citizenship of the parties. As the party invoking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). For the Court to have diversity jurisdiction, Plaintiff and Defendant TA Operating LLC must be citizens of different states, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged a sufficient amount in controversy, but the allegations are insufficient as to the citizenship of both Plaintiff and Defendant.

The Complaint states: "at all times relevant hereto, Plaintiff FRED BAKER was a resident of the City of Rockford, County of Winnebago, State of Illinois." (Compl. ¶ 1, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship. Citizenship of a natural person

for purposes of diversity jurisdiction is determined by domicile, not by residence, "and domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Allegations of residency in a state are therefore insufficient. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (citizenship "depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient."). Rather, Plaintiff must allege his citizenship based on his domicile at the time his Complaint was filed, and not merely what his citizenship "was" in the past, as alleged here. (Compl. ¶ 1, ECF No. 1). *See also Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("A natural person is a citizen of the state in which she is domiciled . . . diversity is assessed at the commencement of the action, as defined by Federal Rule of Civil Procedure 3 as the time of pleading").

The Complaint also states: "at all times relevant hereto, Defendant TA OPERATING LLC d/b/a TravelCenters of America was a Delaware corporation with its principal business address at 24601 Center Ridge Road, Westlake, OH 44145." (Compl. ¶ 2, ECF No. 1). These allegations are also insufficient for the purpose of determining citizenship. A limited liability company's citizenship for purposes of diversity jurisdiction "is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Court must therefore be advised of the identity of each of Defendant's members and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). It is not sufficient to broadly allege that all members of a limited liability company are citizens of a particular state. *Thomas*, 487 F.3d at 533-34 ("blanket declaration" that an LLC's member(s) "are

citizens of another state," and "naked declaration that there is diversity of citizenship," are both insufficient). Moreover, citizenship must be "traced through multiple levels" for members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). And again, all such allegations must state the citizenship of each LLC member at the time the Complaint was filed. *See Altom Transp.*, 823 F.3d at 420; *Thomas*, 487 F.3d at 533-34.

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege the citizenship of both Plaintiff and Defendant. Therefore, the Court **ORDERS** Plaintiff to **FILE**, on or before **March 5, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of both Plaintiff and Defendant as stated above.

So ORDERED this 20th day of February, 2020.

                                                  s/ Joshua P. Kolar
                                                  MAGISTRATE JUDGE JOSHUA P. KOLAR
                                                  UNITED STATES DISTRICT COURT