# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| FRED BAKER, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>TA OPERATING LLC d/b/a )<br>TravelCenters of America, )<br>      Defendant. ) | CAUSE NO.: 2:20-CV-66-JTM-JPK |

## SECOND OPINION AND ORDER REQUIRING
## SUPPLEMENTAL JURIDICTIONAL STATEMENT

This matter is before the Court *sua sponte*. On February 20, 2020, this Court issued an Opinion and Order [DE 3] requiring Plaintiff to file a supplemental jurisdictional statement sufficiently alleging the citizenship of both Plaintiff and Defendant. Plaintiff's Supplemental Jurisdiction Statement [DE 4], filed on March 4, 2020, fails to comply with the Court's February 20 Opinion and Order.

As to Plaintiff Fred Baker, the Supplemental Jurisdiction Statement alleges that Plaintiff "was" domiciled in the State of Illinois "at all times relevant hereto." But as explained in the Court's February 20 Opinion and Order, Plaintiff must allege his domicile at the time his Complaint was filed. *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("A natural person is a citizen of the state in which she is domiciled . . . diversity is assessed at the commencement of the action, as defined by Federal Rule of Civil Procedure 3 as the time of pleading"). While Plaintiff may intend the phrase "at all times relevant hereto" to include the filing of the Complaint, as discussed below, this is not the only deficiency in Plaintiff's Supplemental Jurisdiction Statement. Accordingly, the Court requires Plaintiff to clarify his domicile at the time the Complaint was filed in addition to the other clarifications required herein.

As to Defendant TA Operating LLC, Plaintiff's Supplemental Jurisdiction Statement again alleges: "at all times relevant hereto, Defendant TA Operating LLC d/b/a TravelCenters of America was a Delaware corporation." But as the entity's name indicates, and as the online Delaware Division of Corporations confirms, TA Operating LLC is not a Delaware corporation, but rather, a Delaware Limited Liability Company. *See* https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx. And as the Court's February 20 Opinion and Order explains, a limited liability company's citizenship for purposes of diversity jurisdiction "is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Plaintiff must therefore identify each member of Defendant TA Operating LLC and each such member's citizenship. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed"). Thus, if any member of Defendant TA Operating LLC is a natural person, Plaintiff must allege his or her citizenship based on their domicile at the time the Complaint was filed. *See Altom*, 823 F.3d at 420. And if any of Defendant TA Operating LLC's members in turn has members (such as a limited liability company or a partnership), Plaintiff must identify all of its members and their citizenship. *See Thomas*, 487 F.3d at 534; *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004) (the citizenship of a limited liability company must be "traced through multiple levels" for members who in turn have members). And again, all such allegations must state the citizenship of each such member at the time the Complaint was filed, not merely what their citizenship "was" at "all times relevant hereto." *See Altom Transp.*, 823 F.3d at 420; *Thomas*, 487 F.3d at 533-34.

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege the citizenship of both Plaintiff and Defendant as explained in this Opinion

and Order and the Court's February 20 Opinion and Order, which Plaintiff's counsel is directed to review carefully. Therefore, the Court **ORDERS** Plaintiff to **FILE**, on or before **March 20, 2020**, a second supplemental jurisdictional statement that properly alleges the citizenship of both Plaintiff and Defendant as explained herein and in the Court's February 20 Opinion and Order.

So ORDERED this 6th day of March, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT